**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:06 PM January 18, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CHRISTIE L. ESHLER AND | ) | CASE NO. 16-61659 |
| ADAM D. ESHLER, | ) | |
| | ) | ADV. NO. 16-6040 |
| Debtors. | ) | |
| _____ | ) | JUDGE RUSS KENDIG |
| CARTER JONES LUMBER CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| ADAM D. ESHLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the court is Plaintiff's motion to remand this adversary proceeding back to the Stark County Court of Common Pleas. Defendant-debtor ("Defendant") removed the case to this court on November 8, 2016 and opposes remand.

The court has subject matter jurisdiction of the underlying bankruptcy case pursuant to 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for

1

the Northern District of Ohio on April 4, 2012. Venue in this district is appropriate under 11 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

On May 9, 2016, Plaintiff initiated a civil action against Defendant and two limited liability companies in which he has an interest. The June 17, 2016 amended complaint contains seven counts, including successor liability, piercing the corporate veil, fraudulent transfer, fraud/fraudulent misrepresentation, negligent misrepresentation, unjust enrichment and promissory estoppel. Plaintiff seeks judgment of more than $300,000.00 related to a yard account used to purchase goods.

The common pleas court granted Plaintiff default judgment on August 1, 2016. Defendant and his wife filed a joint chapter 13 petition on August 11, 2016. Defendant filed a motion to vacate and stay execution of the default judgment in the state court on September 2, 2016, which Plaintiff opposed. On September 26, 2016, the state court declined to rule on the motion because of the automatic stay. No further action occurred until Defendant removed the case to this court on November 8, 2016.

On September 22, 2016, Plaintiff filed a proof of claim in the bankruptcy case for $436,278.46. Debtor objected to the claim. Per Defendant's request, a hearing has not been set because of the pending motion to remand, filed by Plaintiff on December 20, 2016.

## DISCUSSION

It may come as an epiphany to the parties that there is law and procedure that applies to removed actions and motions to remand. 28 U.S.C. § 1452(a); Fed.R.Bankr.Pro. 9027. Pursuant to § 1452(a), removal is only appropriate "if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Even if the court has jurisdiction, remand can be made on "any equitable ground" under § 1452(b).

When he removed the state court case, Debtor claimed the matter was a core proceeding under 28 U.S.C. § 157(b)(2)(A) because it concerned administration of the estate and involved the allowance or disallowance of claims and confirmation of the plan. He now additionally asserts it is a core proceeding because Plaintiff filed a proof of claim and an objection is pending. In the motion to remand, Plaintiff argues Defendant provided no factual or legal foundation for this jurisdictional conclusion and contends it "should not be expected to make Debtors' arguments for them, only to knock them down." Plaintiff is correct that Defendant bears the burden of proof of the propriety of removal. Her Majesty the Queen in Right of the Prov. of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-98 (1921)). And this court has an ongoing duty to determine its jurisdiction. Campanella v. Commerce Exch. Bank, 137 F.3d 885 (6th Cir. 1998).

Notwithstanding, Plaintiff's decision to limit arguments in support of relief it seeks is audacious.

28 U.S.C. § 1452(a) directs a court to consider its § 1334 subject matter jurisdiction over the claims/causes of action in the removed case. '[F]ederal jurisdiction arising under Section 1334 is determined . . . on the basis [of] the facts at the time of removal.' Meritage Homes Corp. v. JPMorgan Chase Bank, N.A., 474 B.R. 526, 555 (Bankr. S.D. Ohio 2012) (quoting In re WorldCom, Inc. Sec. Litig., 294 B.R. 553, 556 (S.D.N.Y. 2003) (other citations omitted)). Pursuant to § 1334(a), federal district courts have original and exclusive jurisdiction of all cases under title 11.[1] Undeniably, the removed action is not a bankruptcy case, so jurisdiction is not founded in § 1334(a).

District courts also have original, nonexclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The mere fact that the claims were filed prior to the bankruptcy case is a solid indicator that the claims do not arise under title 11, nor did they arise in a case under title 11. As a result, the only basis for removal is that the claims are related to a case under title 11. To be related to the bankruptcy case, the outcome of the removed action must conceivably have an effect on the bankruptcy estate. Michigan Emp't Sec. Comm'n v. Wolverine Radio Co., Inc., 930 F.2d 1132, 1142 (6th Cir. 1991) (citing Pacor, Inc. v. Higgins (In re Pacor), 743 F.2d 984 (3d Cir. 1984)). An action that seeks a judgment of more than $300,000.00 against Debtor will conceivably have an impact on the bankruptcy estate. Consequently, the removed lawsuit is related to the bankruptcy case, giving the court subject matter jurisdiction. Removal was therefore sanctioned under 14 U.S.C. § 1452(a).

Now the court must determine whether remand is warranted. A decision to remand is within the discretion of the court. Frost & Co., Inc. v. Smithey (In re Smithey), 2012 WL 527679, *1 (Bankr. N.D. Ohio 2012) (unpublished) (citations omitted). The analysis under § 1452(b) is virtually identical to the analysis for permissive abstention under 28 U.S.C. § 1334(c)(1). Parrett v. Bank One, N.A. (In re Nat'l Century Fin. Enter., Inc.), 323 F.Supp.2d 861, 885 (S.D. Ohio 2004) (citations omitted). Remand considerations include '1) duplicative and uneconomical use of judicial resources in two forums; 2) prejudice to the involuntarily removed parties; 3) forum non conveniens; 4) the state court's ability to handle a suit involving questions of state law; 5) comity considerations; 6) lessened possibility of an inconsistent result; and 7) the expertise of the court in which the matter was originally pending.' Id. (quoting Mann v. Waste Mgmt. of Ohio, Inc., 253 B.R. 211, 214-15 (N.D. Ohio 2000) (citations omitted)). Additional relevant factors considered under the permissive abstention doctrine also include whether there is a jurisdictional basis for bankruptcy court jurisdiction outside § 1334; the substance, rather than the form, of the core proceeding; the burden on the court's docket; and the existence of a right to a jury trial. Richland Bank v. Manor House Assisted Living, Ltd., 2014 WL 809208, *5 (N.D. Ohio 2014) (unpublished) (citing Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Connecticut (In re Dow Corning Corp.), 86 F.3d 482, 497 (6th Cir. 1996)). Neither party specifically addressed any of these factors.

---

[1] The United States District Court for the Northern District of Ohio referred title 11 matters to the bankruptcy courts in this district under General Order 2012-7, entered on April 4, 2012.

### Judicial Economy

The removed case is an action between Plaintiff, Debtor and two limited liability companies in which Debtor has an interest. Although the companies are separate legal entities, since Plaintiff seeks to pierce the corporate veil and hold Debtor personally liable for debts, in substance this is an action between Plaintiff and Debtor. This limits concerns of duplicative litigation. Also, the removed case is still in its infancy, meaning this court would not need to expend an extraordinary amount of resources to bring itself to speed. However, the allegations of the amended complaint show that this case is related to at least two other actions filed in the Court of Common Pleas. One of those actions involved a consent judgment dismissing Debtor and granting judgment against a bankrupt corporation in which he was majority shareholder. (Resp. M. Remand, Ex. C, ECF No. 4-1; Vol. Pet., ECF Doc. No. 2 in main case). Specific allegations and claims in the amended complaint relate to the consent judgment and Debtor's intentions in signing the order. Judge Frank Forchione presided over that case and is the presiding judge in the removed action, giving him a vastly deeper knowledge of the facts and history than this court will ever have. The time it would take this court to familiarize itself with not only the instant case, but also the previous cases, would be measurable. This factor tends in favor of remand.

The addition of this case to the court's docket is not burdensome. The court has no knowledge of the burden to the state court docket.

### Prejudice and Right to Jury Trial

A degree of prejudice is always present in removal actions. For example, the plaintiff loses its chosen forum. It has also lost time in the delay that has resulted from the removal and remand process, as well as the additional expense of dealing with those issues. These prejudices are nominal. The eminent prejudice to Plaintiff is the loss of a jury trial. By filing a claim in the bankruptcy court, it lost its right to jury trial. In re Continental Capital Sec., 2007 WL 5964307 (N.D. Ohio 2007) (unpublished) (citing Langenkamp v. Culp, 498 U.S. 42 (1990)). Remand would allow the claims to be decided by a jury.

### Convenience

As for the convenience of this forum, considering it is located within blocks of the common pleas court, the change of forum is insignificant.

### State Court Considerations

The state court is fully capable of addressing the multiple state law claims that monopolize the complaint, as is this court. There are no particularly thorny issues of state law that would make the state court a more appropriate venue but this court recognizes the state court likely has more experience with these claims.

Comity advances deference to state courts when state law claims predominate.

Rachmale v. Conese, 515 B.R. 567 (Bankr. E.D. Mich. 2014) (citing Citibank, N.A. v. White Motor Corp. (In re White Motor Credit), 761 F.2d 270, 274 (6th Cir. 1985)). Additionally, the court acknowledges the pending motion to vacate the state court default judgment. The common pleas court refused to proceed on that matter because of the automatic stay. If this court retains jurisdiction, there is a chance it would vacate an order the common pleas court would have allowed to stand or allow an order to stand that the state court would have vacated. If this court remands the case, the state court issuing the default judgment can also decide its fate.

### Other Jurisdictional Considerations

This court has no basis for the exercise of jurisdiction outside of 28 U.S.C. § 1334. Debtor posits the core nature of the matter, coupled with Plaintiff's submission to the jurisdiction of this court with its proof of claim, are dispositive. Undeniably, objections to claims are statutorily designated core proceedings under 11 U.S.C. § 157 (b)(2)(B). "Bankruptcy courts have both core subject matter jurisdiction under 28 U.S.C. § 157(b)(2)(B) and final authority under the U.S. Constitution to decide proceedings arising the claims allowance process." Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. v. Wade (In re Wade), 500 B.R. 896, 908 (Bankr. W.D. Tenn. 2013) (citing Stern v. Marshall, 564 U.S. 462 (2011)). Resolving claim issues is a fundamental bankruptcy court function. This, however, does not mean this is the only adjudicative forum for the non-bankruptcy, state law claims in the removed action. *See, e.g.,* In re No Place Like Home, Inc., 559 B.R. 863 (Bankr. W.D. Tenn. 2016) (allowing arbitration of core claims under Fair Labor Standards Act); McCarthy v. Prince (In re McCarthy), 230 B.R. 414, 418 (B.A.P. 9th Cir. 1999) (discussing the concurrent jurisdiction of core claims); Horne v. Humphreys (In re Humphreys), 554 B.R. 355, 364 (Bankr. S.D. W.Va. 2016) (stating "neither the district court nor the bankruptcy court are compelled to exercise their power to adjudicate a dispute properly before them under § 1334(b)). Contrary to Debtor's position, the fact that the claim allowance procedure is core is not dispositive.

After weighing the factors for remand, the court concludes remand is warranted. The court will grant the motion to remand by separate order to be entered immediately.

#   #   #

**Service List:**

Nicholas Horrigan
c/o Harpst Ross Ltd.
1559 Corporate Woods Parkway Suite 250
Uniontown, OH 44685

David A. Mucklow
919 E Turkeyfoot Lake Rd #B
Akron, OH 44312